IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00904-BNB

VINCENT E. LOGGINS,
    Applicant,

v.

DR. JOHE DeQUARDO (DHHS),
WILLIAM STEELE,
RICK LAYBA,
MATTHEW MARTIN,
KATHLEE EBERLENEM and
STEVE SHONAMAKER,
    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 0 6 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED PLEADING

---

Applicant, Vincent E. Loggins, initiated this action by filing *pro se* a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and a complaint. Mr. Loggins listed his address in the complaint as the Colorado Mental Health Institute at Pueblo, Colorado, and the relief he sought was his immediate release. Therefore, in an order filed on April 21, 2009, Mr. Loggins was directed to file on the proper form an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On May 5, 2009, Mr. Loggins filed an application for a writ of habeas corpus on the proper form and he filed another motion seeking leave to proceed *in forma pauperis*. The motions seeking leave to proceed *in forma pauperis* will be denied as moot because Mr. Loggins has paid the filing fee for a habeas corpus action.

The court must construe the habeas corpus application liberally because Mr. Loggins is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519,

520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Loggins will be ordered to file a second amended pleading.

The court notes initially that the habeas corpus application is deficient because Mr. Loggins names a number of improper Respondents. The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Although Mr. Loggins fails to identify clearly who each named Respondent is, there is no indication that all six named Respondents have custody of Mr. Loggins.

The habeas corpus application also is deficient because Mr. Loggins fails to provide a clear and concise statement of his claims. Mr. Loggins fails to identify the specific constitutional rights that allegedly have been violated and he fails to provide specific facts in support of the claims he is raising. In short, Mr. Loggins fails to provide a clear statement of any claims that demonstrate he is entitled to the immediate release he requests as relief.

Therefore, Mr. Loggins will be ordered to file a second amended pleading that names a proper Respondent and that includes a clear and concise statement of the claims Mr. Loggins is asserting along with a clear statement of the factual allegations that support each asserted claim. Mr. Loggins is advised that he must go beyond notice pleading in a habeas corpus action and that naked allegations of constitutional

violations are not sufficient to state a habeas corpus claim. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 filed on April 9, 2009, and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action filed on May 5, 2009, are denied as moot. It is

FURTHER ORDERED that Mr. Loggins file **within thirty (30) days from the date of this order** a second amended pleading that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Loggins, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Mr. Loggins fails to file a second amended pleading that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED May 6, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00904-BNB

Vincent E. Loggins
Prisoner No. 50381
1724 Spruce St.
Pueblo, CO 81004

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form** to the above-named individuals on 5/6/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk