IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00904-BNB

VINCENT E. LOGGINS,

    Applicant,

v.

DR. JOHN DeQUADO,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 2 2009

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant Vincent E. Loggins is an outpatient at the Colorado Mental Health Institute at Pueblo, Colorado. Mr. Loggins initiated this action by filing *pro se* a complaint. In an order filed on April 21, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Loggins to file an amended pleading on the court-approved habeas corpus form because the relief Mr. Loggins seeks in this action is his release from custody. On May 5, 2009, Mr. Loggins filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Magistrate Judge Boland reviewed the habeas corpus application and determined that it was deficient. Therefore, on May 6, 2009, Magistrate Judge Boland ordered Mr. Loggins to file a second amended pleading. Magistrate Judge Boland specifically directed Mr. Loggins to name a proper Respondent, to provide a clear and concise statement of his claims, and to provide a clear statement of the factual allegations that support each asserted claim. On May 18, 2009, Mr. Loggins filed an amended application for a writ of habeas corpus.

The Court must construe the amended application liberally because Mr. Loggins is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

The Court has reviewed the amended habeas corpus application filed by Mr. Loggins on May 18 and finds that Mr. Loggins still fails to provide a clear statement of his claims in this action. Magistrate Judge Boland specifically advised Mr. Loggins that he must go beyond notice pleading and that naked allegations of constitutional violations are not sufficient to state a habeas corpus claim. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Despite this advisement, Mr. Loggins fails to provide a clear statement of his claims showing that he is entitled to relief in this action. For example, Mr. Loggins' first claim in the amended application is the following: "Completed DOC: Denied Due process." (Am. Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed May 18, 2009, at 3.) The only facts Mr. Loggins alleges in support of this claim are that "Hearing was held, Attorney Cohearshed [sic] Applicant while being detained over 1,000.00." (*Id.*) Mr. Loggins' other claims in the amended application similarly fail to allege, clearly and concisely, which of his federal constitutional rights have been violated and how.

Therefore, the Court finds that the instant action must be dismissed because Mr. Loggins fails to assert clearly any violations of his federal constitutional rights. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed without prejudice for failure to assert clearly the violation of a federal constitutional right.

DATED at Denver, Colorado, this 19 day of June, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00904-BNB

Vincent E. Loggins
Prisoner No. 50381
1724 Spruce St.
Pueblo, CO 81004

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/22/09

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk